IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:16-CR-59 |
| vs. | |
| PRESTON POPE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court for initial review of Defendant's, Preston Pope's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), Filing 255. Defendant's motion will be denied.

## I. BACKGROUND

The Superseding Indictment (Filing 115) charged Defendant with Hobbs Act robbery (Count I), bank robbery (Count III), two counts of brandishing a firearm during crimes of violence (Counts II and IV), being a felon in possession of a firearm (Count V), and illegally possessing a firearm after being convicted of a misdemeanor crime of domestic violence. *See* 18 U.S.C. §§ 1951(a), 2113(a), 924(c), 922(g); *see also* Filing 160; Filing 184. Defendant went to trial on Counts I through V.[1] *See* Filing 160. At trial, Pope moved for a mistrial based on remarks by a prospective juror during *voir dire*. The prospective juror alluded to being related to all the Popes in Omaha and noted that the Pope side of his family was constantly getting in trouble with law enforcement. The Court[2] denied the motion and concluded that the connection between the comments and Pope was too attenuated to merit a mistrial. *See* Filing 213.

---

[1] The government later dismissed Counts VI and VII.
[2] Due to the unexpected and untimely death of Senior District Judge Laurie Smith Camp, this matter was transferred to the undersigned judge on May 24, 2021. Filing 245.

The jury convicted Defendant on Counts I through V. Filing 160. The Court adopted the Presentence Investigation Report which found Defendant had a total offense level of 37 with a criminal history category of VI. Filing 185. On March 2, 2018, the Court sentenced Defendant to 240 months on Counts I and III, to be served concurrently; 87 months on Count II; 300 months on Count IV; and 120 months on Count V, all to be served consecutively to each other and consecutively to the sentence for Counts I and III. Filing 184. In total, the Court sentenced Defendant to 747 months' imprisonment, with five total years of supervised release. Filing 184.

On direct appeal, Defendant challenged the Court's decision to overrule his motion for mistrial. Defendant also argued, for the first time on appeal, that a police officer's testimony about Defendant's post-arrest silence violated the Due Process Cause. Filing 233 at 1-3. The Eighth Circuit Court of Appeals affirmed the Court's judgment on both arguments. Filing 233 at 7.

Defendant now submits his § 2255 Motion on several grounds. Defendant first alleges that the Court erred by failing to grant his motion for mistrial. Second, Defendant argues ineffective assistance of counsel because (1) trial counsel withdrew and (2) appellate counsel was "deficient in filing his appeal." Filing 255 at 5. Finally, Defendant asserts that his counsel failed "to assert some other claims on the merits" by not presenting a "newly signed law that could benefit Mr. Pope in the year 2019-2020." Filing 255 at 7.

## II. ANALYSIS

### A. Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. If it plainly appears from the motion, attached exhibits, and the record of prior proceedings "that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id*. If the

Court does not dismiss the motion, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

### B. Timeliness

At the outset, the Court notes that Defendant's § 2255 Motion is timely. Section 2255(f)(1) provides that a motion under that Section may be filed within one year from "the date on which the judgment of conviction becomes final." "Finality attaches when [the United States Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, (2003). The United States Supreme Court denied Defendant's Petition for Writ of Certiorari on October 7, 2020, and his § 2255 Motion was filed within a year of that time. His motion is timely under 28 U.S.C. § 2255(f)(1).

### C. Matters Raised on Direct Appeal

Defendant first claims that his rights under the Fifth and Sixth Amendment were violated because the Indictment did not inform him of the elements of the offenses that would place him "in category." *See* Filing 255 at 4. As a result, according to Defendant, the Court erred when it denied his motion for mistrial. Defendant's motion does not assert any form of ineffective assistance of counsel under Ground One.

Defendant's claims are difficult to decipher. On one hand, Defendant acknowledges that he raised this issue on direct appeal. *See* Filing 255 at 6. To the extent Defendant challenges the Court's denial of his motion for mistrial, his claim is not appropriate under § 2255. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) (quoting *Bear*

3

*Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003)). Defendant cannot relitigate his grounds for mistrial in a § 2255 motion.

On the other hand, although Defendant states that he raised the issue, the description of his grounds for § 2255 relief does not match the arguments he made on appeal. Construed liberally, Defendant's § 2255 Motion asserts that the original indictment violated his rights because it did not inform him of either the elements of the crimes charged or that he faced the possibility of an enhanced criminal-history category. In either case, his claims are inappropriate for a § 2255 motion. Constitutional claims not raised on a defendant's direct appeal cannot subsequently be raised in a § 2255 motion unless the movant establishes either "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Defendant has not asserted any cause for default, prejudice, actual innocence, or any other reason he failed to present these arguments on direct appeal.

Additionally, even if Defendant's arguments were somehow preserved and appropriate for his § 2255 Motion, the allegations in the Indictment and Superseding Indictment were sufficient to give Defendant notice of the charges against him. "As a general rule, due process requires that the indictment give a defendant notice of each element of the charge against him so that he can prepare an adequate defense." *United States v. Mann*, 701 F.3d 274, 287-88 (8th Cir. 2012). And "[a]n indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). The counts in the Indictment and Superseding Indictment generally track the statutory language for each offense. Further, there is no requirement that an indictment include notice of a defendant's potential criminal-history category. Accordingly, the allegations were sufficient.

**D. Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. Defendant asserts ineffective assistance of counsel on two grounds. First, he argues broadly that he was denied due process because his trial counsel withdrew and his appellate counsel was deficient in filing his appeal. Second, Defendant argues that his counsel failed to present a new law that could have benefitted Defendant in 2019-20.

*1. Withdrawal of Counsel*

Defendant is not entitled to relief on his first argument because it lacks support in the record. Defendant argues that he was denied effective assistance of counsel because his trial counsel withdrew as counsel on February 5, 2020. He asserts that "assistance to withdraw as counsel was denied without prejudice 2/11/2020 not implementing the Criminal Justice Act. [sic]" Filing 255 at 5. Even under liberal pleading standards, the Court cannot discern the basis for Defendant's argument. While Defendant had several attorneys during the course of his proceedings, there is no record before the district court of an attorney seeking to withdraw in February 2020. Defendant offers no evidence or explanation for how any action regarding the withdrawal of his counsel prejudiced him in any way.

Defendant also broadly asserts that appellate counsel was deficient in filing his appeal. However, the record demonstrates that counsel for Defendant filed an appeal and that the Eighth Circuit fully addressed the appeal. To the extent Defendant argues that appellate counsel failed to raise certain arguments, "[e]ffective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). "Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Id.* Defendant offers no explanation for how appellate counsel was deficient or how he was prejudiced as a result. Accordingly, his claim for ineffective assistance of counsel on these grounds must be summarily denied.

*2. Failure to Present Newly Signed Law*

Defendant's final ground for relief asserts that "counsel was deficient for failing to assert some other claims on the merits" and "[d]id not present newly signed law that could benefit Mr. Pope in the year 2019-2020." Filing 255 at 7. "While a pro se § 2255 petition might require the more liberal construction that a court would give pro se pleadings in any other civil case," the petition will be dismissed where it "lack[s] sufficient specificity under even the most liberal pleading requirements." *Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir.1999). Defendant does not identify the omitted claims or the newly signed law that would have benefitted him in 2019 and 2020. Even under the most liberal pleading standard, Defendant asserts no ground for relief.

### E. Certificate of Appealability

Before Defendant can appeal the denial of his motion, he must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A

substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Defendant has not shown that the outcome of his § 2255 Motion is reasonably debatable, is susceptible to a different conclusion, or deserves further review. Accordingly, the Court will not issue a certificate of appealability.

### III. CONCLUSION

Based on the Court's review of the entire record and Defendant's § 2255 Motion, Defendant is not entitled to post-conviction relief under 28 U.S.C. § 2255.

IT IS ORDERED:

1. Defendant Preston Pope's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), Filing 255, is denied;

2. No certificate of appealability will issue;

3. A separate Judgment will be entered, denying the § 2255 Motion; and

4. The Clerk will mail a copy of this Memorandum and Order to Preston Pope at his last known address.

Dated this 25th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

7