IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. PRESTON POPE, Defendant. | 8:16-CR-59 ORDER |

This matter is before the Court on Defendant's Motion, Filing 261, to re-open post-conviction proceedings. On October 25, 2021, the Court denied Defendant Preston Pope's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and denied him a certificate of appealability. Filing 258. On December 17, 2021, the Court received a Motion to Stay Proceedings, Filing 259, from Pope that referenced "an alternative petition pursuant to Fed. R. App. Proc. Rules 3 and 4 [and] Fed. R. Civ. Proc. 59(e) giving notice of the appeal." The Court denied the Motion to Stay as moot because there were no pending matters in the case. Filing 260.

On January 24, 2022, the Court received a motion from Pope requesting it reopen or reinstate his filings. Filing 261. In that motion, Pope averred that "on or about" November 8, 2021, he "delivered to his custodial caretaker in charge of federal inmate mailing proceedings . . . a motion giving notice of appeal," that was addressed to the Court and bore the requisite postage. Filing 261 at 2. The Court never received that motion.

Under *Houston v. Lack*, 487 U.S. 266, 276 (1988), a notice of appeal from a prisoner proceeding pro se is deemed filed upon delivery to prison officials for forwarding to the district court. Thus, the Court must determine if and when Pope used the prison's mail system to attempt to submit his notice of appeal to the Court as he claims in order to determine if such a notice or

1

other motion will be deemed timely filed. The United States will be required to respond to Mr. Pope's motion, Filing 261, with any argument as to whether the unreceived alleged filings should be deemed timely and Mr. Pope should be permitted to resend them. The United States should also provide the Court with any available evidence from the facility housing Mr. Pope, United States Penitentiary Florence – High. Accordingly,

IT IS ORDERED:

1. The United States shall respond to Defendant's motion to reinstate his filings, Filing 261, no later than March 5, 2022;

2. When responding, the United States shall provide any available records indicating whether the Defendant attempted to send mail through the prison's mail system to the Court on the date he indicates; and

3. The United States shall provide by affidavit or declaration from a prison official with knowledge of the facility's mail system:

    a) The basis for the affiant's knowledge of the mail system;

    b) Whether there is any record of Mr. Pope sending mail to the Court between November 5, 2021, and November 11, 2021;

    c) Whether Mr. Pope is, and was in November of 2021, housed in the facility;

    d) Whether the prison has separate mail systems designated for special or legal mail and other mail;

    e) Whether inmates are told or advised to use any particular means of mail when mailing legal filings or documents;

    f) Whether and under what circumstances the prison would keep a record of Mr. Pope attempting to send mail through the prison's mail system to the Court;

      g) What options are available for inmates to avail themselves of the facility's mail system; and

      h) Any other information that would be useful to the Court in determining whether Mr. Pope attempted to mail his filings as he claims; and

4. The Clerk of the Court is directed to mail a copy of this order to the defendant at his last known address.

Dated this 4th day of February, 2022.

                                        BY THE COURT:

                                        Brian C. Buescher
                                        United States District Judge